UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                              :

JOSHUA MEREGILDO,                   :

                              :         16cv7968

                Petitioner,       :         11cr576

                              :

            -against-           :         <u>MEMORANDUM & ORDER</u>

                              :

UNITED STATES OF AMERICA,     :

                              :

              Respondent.      :

                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  :

WILLIAM H. PAULEY III, Senior United States District Judge:

            Petitioner <u>pro se</u> Joshua Meregildo moves to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255.  In three iterations of his petition, Meregildo advances a

spate of claims for relief.  He alleges defects in the indictment, errors in jury instructions, and

ineffective assistance of both trial and appellate counsel.  For the following reasons, Meregildo's

petition is denied.

BACKGROUND

            In June 2012, a federal grand jury charged Meregildo and numerous co-

defendants with twenty-eight counts of racketeering, murder, narcotics, and firearms offenses.

(Superseding Indictment, Criminal ECF[1] No. 93.)[2]  These charges principally arose out of

---

[1]      Citations to "Criminal ECF No." refer to Meregildo's underlying criminal proceeding, case number 11-cr-576.  Citations to "ECF No." refer to this proceeding.

[2]      At trial, the Government redacted the Superseding Indictment to remove counts in which Meregildo and his remaining co-defendants were not charged—renumbering the counts in the verdict sheet provided to the jury.  At times, Meregildo refers to counts as numbered in the redacted indictment.  For ease of reference, this Court refers to the counts herein as they appear in the non-redacted Superseding Indictment.

1

Meregildo's leadership of the Courtland Avenue Crew ("CAC")—a violent street gang operating primarily in the Bronx, New York.

In December 2012, a jury found Meregildo guilty of racketeering, racketeering conspiracy, conspiracy to commit murder in aid of racketeering, murder in aid of racketeering, conspiracy to distribute narcotics, murder in connection with a drug-trafficking offense, discharge of a firearm resulting in death, and possession of a firearm in furtherance of a drug-trafficking offense. (Trial Tr., Criminal ECF No. 372, at 6493–507.) In September 2013, this Court sentenced Meregildo principally to an aggregate term of life imprisonment plus 60 months' imprisonment consecutive to the life sentence. (Judgment in a Criminal Case, Criminal ECF No. 502.)

In May 2015, the Second Circuit affirmed Meregildo's convictions. United States v. Pierce, 785 F.3d 832 (2d Cir. 2015) cert. denied, 577 U.S. 890 (2015). And the Supreme Court denied certiorari on October 5, 2015. Colon v. United States, 577 U.S. 890 (2015).

On October 3, 2016, Meregildo filed his initial petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[3] (Mot. to Vacate, Set Aside, or Correct Sentence, ECF No. 1, ("Motion"); Mem. of Law in Supp. of Mot. to Vacate/Set Aside Sentence, ECF No. 2, ("Initial Petition").) This Court granted Meregildo's subsequent motions to amend the Initial Petition on May 10, 2018 and April 6, 2020. (ECF Nos. 14, 20.)

---

[3]     Under the "prison mailbox" rule, a motion is deemed to have been filed on the date it was provided to prison officials to be sent to the Clerk of Court. Noble v. Kelly, 246 F.3d 93, 97–98 (2d Cir. 2001).

<u>DISCUSSION</u>

I.    <u>Legal Standard</u>

A petitioner may collaterally attack his conviction and sentence by "mov[ing] the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, a petitioner must show "constitutional error . . . or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" <u>United States v. Bokun</u>, 73 F.3d 8, 12 (2d Cir. 1995) (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)).

That said, not every claim may be raised on a § 2255 motion. If a claim was raised and decided on direct appeal, a duplicative habeas claim is barred under the mandate rule. <u>Yick Man Mui v. United States</u>, 614 F.3d 50, 53 (2d Cir. 2010); <u>United States v. Sanin</u>, 252 F.3d 79, 83 (2d Cir. 2001) ("It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal.") (quotation marks omitted).

Moreover, "[a] motion under § 2255 is not a substitute for an appeal." <u>United States v. Munoz</u>, 143 F.3d 632, 637 (2d Cir. 1998). Therefore, a claim not directly appealed is procedurally barred unless the petitioner can show both cause for the default and actual prejudice. <u>United States v. Thorn</u>, 659 F.3d 227, 231 (2d Cir. 2011).[4]

To establish cause, a petitioner must first demonstrate "some objective factor external to the defense impeded counsel's efforts to comply" with applicable procedural rules. <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). If a petitioner succeeds in establishing cause, they

---

[4]    Alternatively, a procedural default will be excused where petitioner demonstrates actual innocence. <u>See</u> <u>Thorn</u>, 659 F.3d at 231. As Meregildo raises no claim of actual innocence, this Court need not address actual innocence.

must next demonstrate prejudice, meaning that the claimed error "resulted in substantial disadvantage, infecting the entire trial with error of constitutional dimensions." <u>Gutierrez v. Smith</u>, 702 F.3d 103, 112 (2d Cir. 2012).

A petitioner may also satisfy the cause and prejudice requirements by demonstrating ineffective assistance of counsel. <u>Coleman v. Thompson</u>, 501 U.S. 722, 753–554 (1991); <u>Murray</u>, 477 U.S. at 488. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness; and (2) prejudice resulted. <u>Strickland v. Washington</u>, 466 U.S. 668, 687–88 (1984).

When assessing counsel's representation, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>United States v. Aguirre</u>, 912 F.2d 555, 560 (2d Cir. 1990) (quotation marks omitted). Indeed, "the record must demonstrate that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment.'" <u>Wilson v. Mazzuca</u>, 570 F.3d 490, 502 (2d Cir. 2009) (quoting <u>Strickland</u>, 466 U.S. at 687).

To establish prejudice, a petitioner "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" <u>Raysor v. United States</u>, 647 F.3d 491, 495 (2d Cir. 2011) (quoting <u>Strickland</u>, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694. It need not reach the level of a preponderance of the evidence. <u>Wilson</u>, 570 F.3d at 502.

Because Meregildo is proceeding <u>pro se</u>, his petition is held to "less stringent standards than [those] drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per

curiam); accord <u>Green v. United States</u>, 260 F.3d 78, 83 (2d Cir. 2001).  And this Court must liberally construe his papers "to raise the strongest arguments that they suggest."  <u>Green</u>, 260 F.3d at 83 (quotation marks omitted).

II.    <u>Meregildo's Initial Petition</u>

In his Initial Petition, Meregildo claims that (1) the Superseding Indictment was defective as to Count Fifteen; (2) this Court constructively amended the Superseding Indictment as to Count One Racketeering Act Seven; (3) this Court's supplemental jury instruction was erroneous as to Count One; and (4) the Superseding Indictment is unconstitutional as applied to Meregildo.  (Pet., at 4, 14, 24–26, 28–32.)

A.  <u>Defective Indictment</u>

Meregildo asserts that Count Fifteen of the Superseding Indictment was defective because it failed to allege a narcotics conspiracy charged in connection with the alleged racketeering enterprise.  (Pet., at 3.)  But this argument is procedurally barred.  Meregildo failed to challenge the sufficiency of the Superseding Indictment before trial, in his post-trial motions, and on direct appeal.  Although Meregildo proffers ineffective assistance of his trial and appellate counsel in an attempt to overcome the procedural bar, he does not explain how counsel's representation was ineffective.  But even if Meregildo made such an attempt, the "[f]ailure to raise an issue in a brief rarely constitutes ineffective assistance of counsel."  <u>Abdur-Rahman v. United States</u>, 2016 WL 1599491, at *2 (S.D.N.Y. April 19, 2016) (citing <u>Jones v. Barnes</u>, 463 U.S. 745, 751–53 (1983)) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments and focusing on one central issue if possible.").

Because Meregildo fails to show cause for not raising this argument on direct appeal, his claim is barred. Thus, this Court need not reach the prejudice prong of the inquiry. <u>Thorn</u>, 659 F.3d at 233.

B. <u>Constructive Amendment of the Indictment</u>

Meregildo next asserts that the jury instructions and verdict sheet at trial constructively amended the Superseding Indictment. (Pet., at 26.) Specifically, Meregildo challenges this Court's instruction that:

> Racketeering Act [Seven] incorporates Counts [15], which charges the conspiracy to distribute crack cocaine and marijuana. If you found Joshua Meregildo guilty of Count [15], then he committed Racketeering Act [Seven].

(Trial Tr., at 6341.) Meregildo claims that these instructions constructively amended the Superseding Indictment by consolidating two distinct counts. (Pet., at 26.)

On direct appeal Meregildo and his co-defendants ,Earl Piece and Melvin Colon, raised this precise claim and the Second Circuit rejected it. <u>See</u> <u>Pierce</u>, 785 F.3d 832, 844–46 (holding that this "[C]ourt's supplemental instruction did not modify any essential element of the offense."). Indeed, the Second Circuit held that "[b]y the plain language of the indictment, membership in the CAC was not required for Count Fifteen, the narcotics conspiracy count." <u>Pierce</u>, 785 F.3d at 845. Accordingly, this claim is barred by the mandate rule. <u>See</u> <u>Sanin</u>, 252 F.3d at 83 ("It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal.") (quotation marks omitted).

C. <u>Erroneous Jury Instructions</u>

Next, Meregildo asserts that he is entitled to relief as a result of trial counsel's failure to object to "erroneous jury instructions." (Pet., at 13.) Meregildo argues that Count

Fifteen narcotics conspiracy is an unrelated and distinct charge insufficient to serve as a predicate act for Count One Racketeering Act Seven. In essence, this claim simply rehashes Meregildo's constructive amendment claim, and as such is barred under the mandate rule. See Sanin, 252 F.3d at 83. Meregildo admits as much when he argues that the alleged error "modif[ied] [the] essential elements of the charge." (Pet., at 22.)

But even if the erroneous jury instruction claim was not barred by the mandate rule, it would then be procedurally barred because it was not raised on direct appeal. Thorn, 659 F.3d at 231. Again, Meregildo proffers ineffective assistance of counsel in an attempt to overcome the exhaustion rule. However, Meregildo provides no explanation of how counsel's representation was ineffective other than stating that counsel did not object to the jury instructions. (Pet., at 18–20.) Further, given the Second Circuit's decision in Pierce, any objection by trial counsel on this ground would have been meritless. See Pierce, 785 F.3d 832, 844–46 (holding that this "[C]ourt's supplemental [jury] instruction did not modify any essential element of the offense"). Because an attorney cannot be found ineffective for failing to raise a meritless argument, Meregildo has failed to show cause or prejudice to overcome the procedural bar. See Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001).

D. Constitutionality of Counts Five and Six as Applied to Meregildo

Meregildo also argues that the Superseding Indictment is unconstitutional as applied to him. (Pet., at 28–32.) Specifically, he avers that Counts Five and Six of the Superseding Indictment—conspiracy to murder and murder in aid of racketeering—do not charge an offense violating the Commerce Clause of the United States Constitution because the only "substantive narcotics conspiracy" charged is in Count Fifteen, which is not incorporated into Counts Five and Six. (Pet., at 29–30.)

7

As an initial matter, this claim is procedurally barred as it was not raised on direct appeal. <u>Thorn</u>, 659 F.3d at 231. Meregildo repeats the same ineffective assistance of counsel argument as in his previous claims. But Meregildo again fails to provide an explanation of how counsel's representation was ineffective. (Pet., at 31–32.)

In any event, Meregildo's claim is factually incorrect. Counts Five and Six each incorporate by reference paragraphs nineteen and twenty of the of the Superseding Indictment. These paragraphs charge—or incorporate charges—alleging that (1) the CAC constituted an enterprise that engaged in activities affecting interstate and foreign commerce, (Superseding Indictment ¶ 19); and (2) the CAC engaged in racketeering activity, including narcotics trafficking and murder, (Superseding Indictment ¶ 20). Thus, counsel's failure to make such a meritless objection does not support a claim for ineffective assistance of counsel. <u>See Aparicio v. Artuz</u>, 269 F.3d at 99.

III.    <u>Meregildo's First Amended Petition</u>

On May 10, 2018, this Court granted Meregildo leave to amend his Initial Petition ("First Amended Petition"). The First Amended Petition retains Meregildo's original claims, raises three supplemental claims to clarify the arguments in the Initial Petition, and goes on to add three altogether new claims. (Mot. for Leave to Am. and/or Supplement Section 2255 Mot., ECF No. 13, ("First Am. Pet."), at 2.)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates a statute of limitations period for filing of a habeas petition of one year from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Where the Supreme Court denies a petition for a writ of certiorari, the one-year period begins to run for the petitioner at that time. <u>See Rosa v. United States</u>, 785 F.3d 856, 859 (2d Cir. 2015). The one-year filing deadline

bars claims in an amended habeas petition if those claims attempt to articulate new grounds for relief rather than adding arguments to timely-asserted claims.  See Mayle v. Felix, 545 U.S. 644, 657 (2005).

Because Meregildo submitted the First Amended Petition more than one year after the Supreme Court denied certiorari, this Court must first determine whether the claims in the First Amended Petition are timely.  Federal Rule of Civil Procedure 15(c) governs whether claims in an amended petition "relate back" to a timely filed initial petition.  Mayle, 545 U.S. at 655.  To be timely, the claims in the First Amended Petition must relate back to the "conduct, transaction, or occurrence set forth or attempted to be set forth" in the Initial Petition.  Mayle, 545 U.S. at 655 ("The 'original pleading' to which Rule 15 refers [for relation-back purposes] is the complaint in an ordinary civil case, and the petition in a habeas proceeding.").  In order for relation-back to occur, "the original and amended petitions [must] state claims that are tied to a common core of operative facts."  Mayle, 545 U.S. at 664; see also 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], p. 15–82 (3d ed. 2004) (cited with approval in Mayle, 545 U.S. at 664 n.7) (Relation back is allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory.").

The terminology Meregildo uses to characterize the six claims in his First Amended Petition, while confusing, does little to advance the relation-back analysis.  Meregildo styles his first three claims as "supplemental claims," and intends them to clarify the Initial Petition.  These claims are (1) that Count Two of the Superseding Indictment is jurisdictionally defective for failing to incorporate certain racketeering acts, (First Am. Pet., at 5–7); (2) that Count Seventeen of the Superseding Indictment is defective for not including a specific drug quantity, (First Am. Pet., at 7–9); and (3) that Count One of the Superseding Indictment fails to

adequately allege a RICO offense, (First Am. Pet., at 9–12). The second trident of claims are

styled as "amended" and "add three other claims" to the Initial Petition. (First Am. Pet., at 2.)

Those claims are: (1) Count Twenty-one of the Superseding Indictment fails to charge a

necessary offense, (First Am. Pet., at 12–17); (2) trial counsel was ineffective for failing to

object to a drug quantity jury charge for purportedly failing to assign the burden to the

government, (First Am. Pet., at 17–23); and (3) appellate counsel was ineffective for a number of

reasons, mainly for failing to raise either of the first two issues on appeal, (First Am. Pet., at 23–

24).

       Meregildo's "supplemental" claims are in fact new claims that do not relate back

to the Initial Petition. The Initial Petition alleges claims that (1) the Superseding Indictment was

defective as to Count Fifteen because it failed to allege a narcotics conspiracy in connection with

the alleged racketeering enterprise; (2) this Court's supplemental jury instruction caused a

constructive amendment of the Superseding Indictment—adding an act in Count Fifteen to Count

One; (3) this Court gave erroneous jury instructions as to Count One; and (4) Counts Five and

Six of the Superseding Indictment (conspiracy to murder and murder in aid of racketeering) were

unconstitutional as-applied to Meregildo. (Pet., at 4, 14, 24–26, 28–32.) By contrast,

Meregildo's three "supplemental" claims relate to Counts One, Two, and Seventeen; assert

omissions from the Superseding Indictment including failing to include a quantity of drugs,

failing to include certain allegations by reference, and failing to adequately allege a RICO

offense; and otherwise do not implicate the core assertion of the Initial Petition—whether the

Superseding Indictment charged one or two separate narcotics conspiracies. (See Pet., at 3, 13,

26.) Thus, the Initial Petition and First Amended Petitions do not "state claims that are tied to a

common core of operative facts." See Mayle, 545 U.S. at 664. As a result, the "supplemental"

claims do not relate back and are untimely. Meregildo concedes that the three "amended" claims are new, and do not relate to claims in the Initial Petition. (First Am. Pet., at 2.) As such, they are also untimely.

Meregildo argues that this Court should excuse his tardy additional claims because he was confined to a Solitary Housing Unit ("SHU") from August 26, 2017 to approximately September 17, 2017.[5] During that time, he was denied access to legal materials. (First Am. Pet., at 3; Letter from Joshua Meregildo dated September 17, 2017 requesting extension, ECF No. 7.) Meregildo's argument is unpersuasive. The statute of limitations for Meregildo's habeas claims expired in October 2016, one year after the Supreme Court denied his writ of certiorari, and nearly one year before his confinement in the SHU. As such, this Court need not consider whether Meregildo's confinement presents "extraordinary circumstances" necessitating equitable tolling of this claims. See Martinez v. Superintendent of E. Corr. Facility, 806 F.3d 27, 31 (2d Cir. 2015).

IV.    Meregildo's Second Amended Petition

In April 2020, this Court allowed Meregildo to amend his Initial Petition for a second time ("Second Amended Petition"). In his Second Amended Petition, Meregildo claims that his sentence of mandatory life imprisonment without parole violates the Eighth Amendment of the United States Constitution. (Mot. to Am. Section 2255 Mot., ECF No. 18, ("Second Am. Pet."), at 1–2.) Meregildo principally relies on the Supreme Court's ruling in Miller v. Alabama, which held that the Eighth Amendment "forbids a sentencing scheme that mandates life in prison

---

[5]    In his First Amended Petition, Meregildo avers that he continued to lack access to "any and all" legal materials. (ECF No. 9.) Meregildo, however, does not give a reason for this denial sufficient to determine whether and why Meregildo was actually denied access to the penitentiary's law library. Regardless, given that this Court subsequently granted Meregildo leave to file the Second Amended Petition, Meregildo suffered no prejudice.

without possibility of parole for juvenile offenders." 567 U.S. 460, 479 (2012); see also

Montgomery v. Louisiana, 577 U.S. 190, 206 (2016) (holding that "Miller . . . is retroactive in

cases on collateral review"). Meregildo argues that while Miller applies to those under the age

of eighteen, evidence suggests that persons who are nineteen years of age—such as Meregildo at

the time of his crimes—exhibit "the same hallmark features of youth that justified the decision in

Miller." (Second Am. Pet., at 2.) However, this claim is untimely, procedurally barred, and

would otherwise fail on the merits.

      As discussed above, Federal Rule of Civil Procedure 15(c) governs the timeliness

of a motion to amend submitted after the one-year statute of limitations has expired. Mayle, 545

U.S. at 655. Meregildo's claim must relate back to the "conduct, transaction, or occurrence set

forth or attempted to be set forth" in the Initial Petition. Mayle, 545 U.S. at 655.

      Here, Meregildo's claim in the Second Amended Petition clearly does not relate

back to the Initial Petition. In the Initial Petition, Meregildo claims that the Superseding

Incitement was defective, that the Superseding Indictment was constructively amended, that the

jury instructions were erroneous, and that, as-applied to Meregildo, Counts Five and Six in the

Superseding Indictment are unconstitutional. The Initial Petition is bereft of any facts related to

Meregildo's age, his Eighth Amendment rights, or sentencing.

      Section 2255 also allows a petitioner one year to file a petition from "the date on

which the right asserted was initially recognized by the Supreme Court, if that right has been

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review." 28 U.S.C. § 2255(f)(3). "An applicant has one year from the date on which the right he

asserts was initially recognized by [the Supreme] Court," not when the Supreme Court found the

right retroactively applicable to cases on collateral review. Dodd v. United States, 545 U.S. 353,

357–58 (2005).  Miller was decided in 2012—seven years before the Second Amended Petition was filed.  Because Meregildo's claim neither relates back to his Initial Petition nor was brought within one year of the Supreme Court's recognition of a new right, it is untimely.

Even if Meregildo's claims were timely, he cannot overcome the procedural default bar as he failed assert them at trial or on appeal.  Thorn, 659 F.3d at 231.  Because this claim is without merit, neither trial counsel nor appellate counsel could have been ineffective for declining to raise it.  Aparicio, 269 F.3d at 99.  And Meregildo suffered no prejudice by counsel's failure to raise a claim that would have been rejected by both this Court and the Second Circuit.

Finally, as to the merits of Meregildo's argument, there is no caselaw supporting the application of Miller to those over the age of 18.  In fact, the Second Circuit explicitly rejected extending Miller to defendants "between 18 and 22 years old at the times of the murders in aid of racketeering of which they were convicted."  United States v. Sierra, 933 F.3d 95, 97 (2d Cir. 2019), cert. denied sub nom. Beltran v. United States, 140 S. Ct. 2540(2020), and cert. denied sub nom. Lopez-Cabrera v. United States, 140 S. Ct. 2541(2020).  Moreover, the Second Circuit continues to reject claims seeking to expand the reach of Miller to individuals over the age of 18.  See, e.g., United States v. Frank, 832 F. App'x 764, 765 (2d Cir. 2021) (summary order) ("[W]hen it comes to the age of an offender, 'a line must be drawn, and the Supreme Court has repeatedly chosen in the Eighth Amendment context to draw that line at the age of 18, which is the point where society draws the line for many purposes between childhood and adulthood.'" (quoting Sierra, 933 F.3d at 97)).

<u>CONCLUSION</u>

For the foregoing reasons, Meregildo's Initial Petition, First Amended Petition, and Second Amended Petition are denied.  Because Meregildo has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. <u>See</u> 28 U.S.C. § 2253(c).  The Clerk of Court is directed to terminate all pending motions and mark this case as closed.  Chambers staff will mail a copy of this Memorandum & Order to Meregildo.

Dated: April 29, 2021          SO ORDERED:
      New York, New York

                                 WILLIAM H. PAULEY III
                                    U.S.D.J.